**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (AH9361)
Christopher W. McClanahan, Esq. (CM6972)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
(e) Andrew.Heck@wilsonelser.com
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and
Thomas Guille

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### CAMDEN

| | |
|---|---|
| BRENDA BROWN, | : Civil Action No. |
| Plaintiff, | : Hon. _____ |
| | : |
| v. | : <u>Civil Action</u> |
| | : |
| JOHN'S LOCK SHOP, INC., d/b/a HOUDINI LOCK AND SAFE COMPANY, THOMAS GUILLE, JOHN DOES, 1 through 100, inclusive, fictitious named Defendants and JACK DOES, 1 through 100, inclusive, fictitious named Defendants jointly, severally and/or in the alternative, | : **NOTICE OF REMOVAL OF A CIVIL ACTION** |
| Defendants. | : |

TO:     THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, John's Lock

Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille (hereinafter "Defendants"),

by and through the undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on

this date have filed this Notice of Removal of a Civil Action from the Superior Court of New

Jersey, Law Division, Camden County, Docket No. CAM-L-2205-22, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiff, Brenda Brown (hereinafter, "Plaintiff"), filed a Complaint on August 25, 2022, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-2205-22, entitled *Brown v. John's Lock Shop, Inc., et al.*, (the "Action").  A true and correct copy of Plaintiff's Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint names John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company, and Thomas Guille as defendants (Exhibit A).

3.      The Action is alleged to arise out of an October 11, 2020 motor vehicle accident involving Plaintiff and Defendant, Thomas Guille, acting as the agent, servant and/or employee with the express and/or implied permission of its owner, Defendant John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company, which caused Plaintiff to sustain bodily injuries (Exhibit A).

4.      According to the Complaint, Plaintiff, Brenda Brown, is a resident of the State of New Jersey (Exhibit A).

5.      Defendant, Thomas Guille, is an individual and a resident of the State of Pennsylvania.

6.      Defendant John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company is a Pennsylvania corporation, with a principal place of business in Abington, Pennsylvania.

7.      For purposes of diversity jurisdiction, a corporate party is a citizen of both its state of incorporation and the state in which its principal place of business is located.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8.      Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

9.      Defendants received a copy of the Summons and Complaint on August 24, 2022.

10.     Defendants have yet to be property served.

11.     Accordingly, this Notice of Removal is timely filed regardless of status of service.

12.     Plaintiff alleges the subject motor vehicle incident "caused [Plaintiff] to suffer severe and painful bodily injuries which have in the past and will in the future cause her great pain and suffering and have required her to incur medical treatment and expenses and have caused her a diminishment and loss of earning capacity and quality of life… including but not limited to permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member." (Exhibit A).

13.     To date, Plaintiff has not agreed to cap any damages at $75,000 and, therefore, coupled with the injuries alleged, the amount in controversy in this matter is in excess of $75,000.

14.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

15.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Camden County, to perfect the removal of this action to the

United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b).  A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Camden County, be removed therefrom to this Court.


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille

By: /s/ Andrew J. Heck
　　　Andrew J. Heck. (AH9361)
　　　Andrew.Heck@wilsonelser.com


Dated:  September 20, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on behalf of Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock

and Safe Company and Thomas Guille, I caused the within Notice of Removal to be filed with the

United States District Court on this date.

> Clerk, United States District Court
> Mitchell H. Cohen Building & U.S. Courthouse
> 4th & Cooper Streets Room 1050
> Camden, NJ 08101

> I further certify that a copy was sent via Electronic Filing to:

> Clerk
> New Jersey Superior Court
> Camden County Hall of Justice
> 101 S. 5th St.
> Camden, NJ 08103

> Michael Sussen, Esq.
> Vincent J. Ciecka, PC
> P.O. Box 560
> 5709 Westfield Avenue
> Pennsauken, NJ 08110
> Attorneys for Plaintiff

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and
> Safe Company and Thomas Guille

> By: /s/ Andrew J. Heck
>     Andrew J. Heck. (AH9361)
>     Andrew.Heck@wilsonelser.com

Dated: September 20, 2022

# EXHIBIT A

VINCENT J. CIECKA, P.C.
By: Michael Sussen, Esquire
Attorney I.D. #023431987
P.O. Box 560
5709 Westfield Avenue
Pennsauken, NJ  08110
(856) 665-5709
Attorney for Plaintiff(s)

_____

| | | |
|---|---|---|
| BRENDA BROWN, | : | SUPERIOR COURT OF NEW JERSEY |
| | | CAMDEN COUNTY |
| | : | LAW DIVISION |
| Plaintiff, | | |
| | : | |
| vs. | | Docket No. |
| | : | |
| JOHN'S LOCK SHOP, INC., d/b/a | | Civil Action |
| HOUDINI LOCK AND SAFE | : | COMPLAINT AND DEMAND |
| COMPANY, THOMAS GUILLE, JOHN | : | FOR JURY TRIAL |
| DOES, 1 through 100, inclusive, fictitious | : | |
| named Defendants and JACK DOES, 1 | : | |
| through 100, inclusive, fictitious named | : | |
| Defendants jointly, severally and/or in the | : | |
| the alternative, | : | |
| | : | |
| Defendants | : | |

The Plaintiff, Brenda Brown, residing at 37 Meadowrue Lane in Sicklerville, Winslow Township, County of Camden and State of New Jersey, by way of Complaint against the Defendants, says:

## FIRST COUNT

1.     On or about October 11, 2020, the Plaintiff, Brenda Brown, was the owner and operator of a motor vehicle who was stopped at the exit to the parking lot of Auto Zone waiting for traffic to clear to safely enter onto Chews Landing Road in the Township of Winslow, County of Camden and State of New Jersey.

2.      At the aforesaid time and place, the Defendant, Thomas Guille, was operating a commercial vehicle, owned by the Defendant, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company, and who was traveling behind the Plaintiff's stopped moto vehicle in the parking lot of Auto Zone at or near its intersection with Chews Landing Road in Sicklerville, Winslow Township, Camden County  and State of New Jersey.

3.      At all relevant times herein, Defendants, John Does, 1 through 100, are fictitious named Defendants who are corporations, entities or individuals whose identities are unknown at present, but who owned, manufactured, leased, maintained, operated, possessed, directed, drove, entrusted, repaired, serviced, supervised or controlled the motor vehicle which was involved in the collision described herein.

4.      At the aforedescribed time and place, the Defendants, Thomas Guille and/or John Does, 1 through 100, operated their commercial  vehicle so carelessly, recklessly, inattentively and who were otherwise negligent so as cause same to come into violent collision with the rear of the Plaintiff's stopped motor vehicle.

5.      As a direct and proximate result thereof, the Plaintiff, Brenda Brown, was thrown about violently inside the vehicle and caused to suffer severe and painful bodily injuries which have in the past and will in the future cause her great pain and suffering and have required her to incur medical treatment and expenses and have caused her a diminishment and loss of earning capacity and quality of life and have otherwise caused her injuries which qualify under N.J.S.A. 39:6A including but not limited to permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member;

significant limitation of use of a body function or system; and which have impaired her from performing her usual activities since the day of this accident.

6.     A Certification of Permanency prepared by Plaintiff Brenda Brown's treating orthopaedic surgeon, Thomas Dwyer, M.D. dated June 20, 2022 is annexed to this Complaint as Exhibit A and is incorporated by reference herein.

WHEREFORE, Plaintiff, Brenda Brown, demands judgment against the Defendants, Thomas Guille and John Does, 1 through 100, individually, jointly, separately, and/or in the alternative for damages, interest, costs of suit and such other relief as this Court shall deem fair and just.

## SECOND COUNT

1.     All of the paragraphs of the First Count of this Complaint are incorporated herein by this reference but for the sake of brevity are not set forth at length.

2.     At all relevant times herein, Defendants, Jack Does, 1 through 100, are fictitious named Defendants who are corporations, entities or individuals whose identities are unknown at present, but who were the employers and/or principals of the Defendant, Thomas Guille, who was operating said commercial  vehicle in the within accident.

3.     At the aforesaid time and place, the Defendants, Thomas Guille and/or John Does, 1 through 100, was operating said commercial vehicle as an agent, servant and/or employee of the Defendants, John's Lock Shop Company d/b/a Houdini Lock and Safe Company and/or Jack Does, 1 through 100, and with the express and/or implied permission of the Defendants,  John's Lock Shop Company d/b/a Houdini Lock and Safe Company and/or Jack Does, 1 through 100.

4.     At the aforedescribed time and place, the Defendants, Thomas Guille and/or John Does, 1 through 100, operated their commercial motor vehicle so carelessly, recklessly,

inattentively and who were otherwise negligent so as cause same to come into violent collision with the rear of the Plaintiff's stopped motor vehicle.

5.      The negligence of the Defendants, Thomas Guille and/or John Does, 1 through 100, is therefore imputed against the Defendants, John's Lock Shop Company d/b/a Houdini Lock and Safe Company and Jack Does, 1 through 100.

6.      As a direct and proximate result thereof, the Plaintiff, Brenda Brown, was thrown about violently inside the vehicle and caused to suffer severe and painful bodily injuries which have in the past and will in the future cause her great pain and suffering and have required her to incur medical treatment and expenses and have caused her a diminishment and loss of earning capacity and quality of life and have otherwise caused her injuries which qualify under N.J.S.A. 39:6A including but not limited to permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and which have impaired her from performing her usual activities since the day of this accident.

7.      A Certification of Permanency prepared by Plaintiff Brenda Brown's treating orthopaedic surgeon, Thomas Dwyer, M.D. dated June 20, 2022 is annexed to this Complaint as Exhibit A and is incorporated by reference herein.

WHEREFORE, Plaintiff, Brenda Brown, demands judgment against the Defendants, John's Lock Shop Company d/b/a Houdini Lock and Safe Company and Jack Does, 1 through 100, individually, jointly, separately, and/or in the alternative for damages, interest, costs of suit and such other relief as this Court shall deem fair and just.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff hereby demands a trial by jury with respect

to the within matter.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

## NOTICE PURSUANT TO THE RULES

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff(s), hereby

demands, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and

interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to

interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that

this is a continuing demand.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4 of the Rules of Civil Practice,

MICHAEL SUSSEN, ESQUIRE is hereby designated as trial counsel on behalf of the law firm

of Vincent J. Ciecka, P.C., attorney(s) for the Plaintiffs in the within action.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

## NOTICE OF UTILIZATION OF TIME UNIT METHOD
### OF CALCULATING DAMAGES

Be advised that pursuant to Rule 1:7(b), Plaintiff may utilize the time unit method for calculating damages at the time of Trial.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

### NOTICE TO UTILIZE MEDICAL ILLUSTRATIONS

Plaintiff's experts may utilize medical charts and/or medical diagrams and/or medical illustrations of the affected areas of the body at the time of Trial.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

### CERTIFICATION

I, MICHAEL SUSSEN,  of full age, do hereby certify that:

Pursuant to the Rules 4:5-1, to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any Court nor of any pending arbitration proceeding, that no other action or arbitration is contemplated and further that there are no other parties who should be joined in this action.

a)      Plaintiffs reserve the right to file an action with Forthright for payment of no-fault benefits, pursuant to the terms of their automobile insurance policy.

VINCENT J. CIECKA, P.C.

/s/ Michael Sussen, Esquire

MICHAEL SUSSEN, ESQUIRE

DATED:        August 25, 2022

# EXHIBIT A

## CERTIFICATION OF TREATING PHYSICIAN AS TO PERMANENCY PURSUANT TO AUTOMOBILE COST REDUCTION ACT

I, _Thomas A Dwyer  MD_ certify as follows:

1.  I am a board certified physician in _New Jersey & Urgshere_.
    I am associated with _Rennie Orthopaedic Associates of Southern. NJ_

2.  I treated _Brenda Brown_ as a result of a motor vehicle accident which occurred
    on _10/11/20_. _Brenda Brown_ sustained the following
    injuries:
    (1) Rotator cuff tear left shoulder
    (2) Medial meniscus tear left knee

3.  My certification is based upon my professional expertise and the findings in my reports including reference to clinical objective findings and/or objective medical tests, and it is my opinion that, within a reasonable degree of medical probability, my patient has sustained the above injuries which are permanent and that will have permanent sequella, for the balance of _her_ lifetime.

4.  It is my understanding that under the New Jersey statute, a permanent injury means a body part or organ or both which has not healed to function normally and to medical probability will not heal to function normally with further medical treatment. It is with this definition in mind that I find that my patient has sustained a permanent injury.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing medical opinions expressed by me are willfully false, I am subject to punishment as outlined in the Automobile Insurance Cost reduction Act.

_6/20/22_

Dated:

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-002205-22**

**Case Caption:** BROWN BRENDA  VS JOHN'S LOCK SHOP, IN C.

**Case Initiation Date:** 08/25/2022

**Attorney Name:** MICHAEL SUSSEN

**Firm Name:** VINCENT J. CIECKA, PA

**Address:** 5709 WESTFIELD AVENUE PENN OAK BUILDING
PENNSAUKEN NJ 08110

**Phone:** 8566655709

**Name of Party:** PLAINTIFF : Brown, Brenda

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Brenda Brown? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>08/25/2022</u>
Dated

<u>/s/ MICHAEL SUSSEN</u>
Signed

EXHIBIT B

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Christopher W. McClanahan (No. 42331996)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and
Thomas Guille

|  |  |
|---|---|
| BRENDA BROWN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN'S LOCK SHOP, INC., d/b/a HOUDINI LOCK AND SAFE COMPANY, THOMAS GUILLE, JOHN DOES, 1 through 100, inclusive, fictitious named Defendants and JACK DOES, 1 through 100, inclusive, fictitious named Defendants jointly, severally and/or in the alternative,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br>DOCKET NO: CAM-L-2205-22<br><br><u>Civil Action</u><br><br>**VIA ECOURT FILING** |

## <u>NOTICE OF FILING OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, John's Lock

Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille, by and through the

undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have filed

a Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division,

Camden County, Docket No. CAM-L-2205-22, to the United States District Court for the District

of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a),

copies of which are attached hereto and made part hereof.

**PLEASE TAKE FURTHER NOTICE**, that Defendants, John's Lock Shop, Inc. d/b/a

Houdini Lock and Safe Company and Thomas Guille, hereby file this Notice and Petition with the

Camden County Clerk of the Superior Court of New Jersey, Law Division, in accordance with 28

U.S.C. § 1446.


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and
Safe Company and Thomas Guille

By: /s/ Andrew J. Heck
   Andrew J. Heck

Dated: September 20, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille, I caused the within Notice of Filing of Removal to be served via Electronic Filing, upon:

> Clerk
> New Jersey Superior Court
> Camden County Hall of Justice
> 101 S. 5th St.
> Camden, NJ 08103
>
> Michael Sussen, Esq.
> Vincent J. Ciecka, PC
> P.O. Box 560
> 5709 Westfield Avenue
> Pennsauken, NJ 08110
> Attorneys for Plaintiff

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille

By: /s/ Andrew J. Heck
      Andrew J. Heck. (11802012)
      Andrew.Heck@wilsonelser.com

Dated:  September 20, 2022

# EXHIBIT A

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (AH9361)
Christopher W. McClanahan, Esq. (CM6972)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
(e) Andrew.Heck@wilsonelser.com
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and
Thomas Guille

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CAMDEN**

| | |
|---|---|
| BRENDA BROWN, | : Civil Action No. |
| Plaintiff, | : Hon. _____ |
| | : |
| v. | : <u>Civil Action</u> |
| | : |
| JOHN'S LOCK SHOP, INC., d/b/a HOUDINI LOCK AND SAFE COMPANY, THOMAS GUILLE, JOHN DOES, 1 through 100, inclusive, fictitious named Defendants and JACK DOES, 1 through 100, inclusive, fictitious named Defendants jointly, severally and/or in the alternative, | : **NOTICE OF REMOVAL OF A CIVIL ACTION** |
| Defendants. | : |

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

   **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, John's Lock

Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille (hereinafter "Defendants"),

by and through the undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on

this date have filed this Notice of Removal of a Civil Action from the Superior Court of New

275327740v.1

Jersey, Law Division, Camden County, Docket No. CAM-L-2205-22, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiff, Brenda Brown (hereinafter, "Plaintiff"), filed a Complaint on August 25, 2022, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-2205-22, entitled *Brown v. John's Lock Shop, Inc., et al.*, (the "Action").  A true and correct copy of Plaintiff's Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint names John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company, and Thomas Guille as defendants (Exhibit A).

3.      The Action is alleged to arise out of an October 11, 2020 motor vehicle accident involving Plaintiff and Defendant, Thomas Guille, acting as the agent, servant and/or employee with the express and/or implied permission of its owner, Defendant John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company, which caused Plaintiff to sustain bodily injuries (Exhibit A).

4.      According to the Complaint, Plaintiff, Brenda Brown, is a resident of the State of New Jersey (Exhibit A).

5.      Defendant, Thomas Guille, is an individual and a resident of the State of Pennsylvania.

6.      Defendant John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company is a Pennsylvania corporation, with a principal place of business in Abington, Pennsylvania.

7.     For purposes of diversity jurisdiction, a corporate party is a citizen of both its state of incorporation and the state in which its principal place of business is located.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8.     Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

9.     Defendants received a copy of the Summons and Complaint on August 24, 2022.

10.     Defendants have yet to be property served.

11.     Accordingly, this Notice of Removal is timely filed regardless of status of service.

12.     Plaintiff alleges the subject motor vehicle incident "caused [Plaintiff] to suffer severe and painful bodily injuries which have in the past and will in the future cause her great pain and suffering and have required her to incur medical treatment and expenses and have caused her a diminishment and loss of earning capacity and quality of life… including but not limited to permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member." (Exhibit A).

13.     To date, Plaintiff has not agreed to cap any damages at $75,000 and, therefore, coupled with the injuries alleged, the amount in controversy in this matter is in excess of $75,000.

14.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

15.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Camden County, to perfect the removal of this action to the

United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b).  A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Camden County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille

By: /s/ Andrew J. Heck
      Andrew J. Heck. (AH9361)
      Andrew.Heck@wilsonelser.com

Dated:  September 20, 2022

275327740v.1

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille, I caused the within Notice of Removal to be filed with the United States District Court on this date.

> Clerk, United States District Court
> Mitchell H. Cohen Building & U.S. Courthouse
> 4th & Cooper Streets Room 1050
> Camden, NJ 08101
>
> I further certify that a copy was sent via Electronic Filing to:
>
> Clerk
> New Jersey Superior Court
> Camden County Hall of Justice
> 101 S. 5th St.
> Camden, NJ 08103
>
> Michael Sussen, Esq.
> Vincent J. Ciecka, PC
> P.O. Box 560
> 5709 Westfield Avenue
> Pennsauken, NJ 08110
> Attorneys for Plaintiff

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Attorneys for Defendants, John's Lock Shop, Inc. d/b/a Houdini Lock and Safe Company and Thomas Guille
>
> By: /s/ Andrew J. Heck
>       Andrew J. Heck. (AH9361)
>       Andrew.Heck@wilsonelser.com

Dated: September 20, 2022

275327740v.1